UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § § | CAUSE NO. DR-25-MJ-00175-01 |
| VICTOR HUGO DIEGO-AVELLANEDA | § | |

## GOVERNMENT'S ADVISORY ON DETENTION

Comes now, the United States by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, and files this Advisory on Detention and in support thereof would show the Court the following:

I.

On January 19, 2025, Victor Hugo Diego-Avellaneda (hereinafter "Defendant") was arrested at the Eagle Pass Port of Entry in Eagle Pass, Texas, a location within the Western District of Texas, after United States Customs and Border Protection Officers located 40 rifles, 6 shotguns, 1 pistol, 80 magazines and 2 rifle scopes in his red Nissan Frontier. Defendant, a Legal Permanent Resident, was attempting to leave the United States and enter into the Republic of Mexico through the outbound lane. Defendant made a negative declaration concerning his possession of any contraband including weapons, ammunition, and currency. He was lawfully referred to secondary inspection where Defendant again made a negative declaration regarding possession of weapons, ammunition and monies exceeding $10,000. Customs and Border Protection officers requested that Defendant remove his personal property from his vehicle and place it on a non-invasive scanner for further inspection. Defendant removed two large duffle bags from his vehicle and placed them on the

scanner. Anomalies were observed in the bags and a subsequent physical inspection was performed. Pursuant to that inspection, officers located the aforementioned contraband – 40 rifles, 6 shotguns, 1 pistol, 80 magazines and 2 rifle scopes (see images below).







II.

Defendant was placed under arrest and in a post-*Miranda* interview he admitted that he was knowingly smuggling firearms into Mexico for the purpose of selling them for $100 each in Mexico. He admitted that eleven of the firearms in the load belong to him and acknowledged that he was aware that the smuggling of firearms into Mexico is illegal.

III.

On the same date, the United States Attorney's Office accepted charges against Defendant under Title 18 United States Code Article 554: Smuggling Goods from the United States. On January 21, 2025, United States Magistrate Judge Joseph Cordova signed a complaint and arrest warrant against Defendant for the aforementioned charges. On the same date, an initial detention hearing was held and Defendant was ordered temporarily detained pending the outcome of a

subsequent detention hearing, currently set on February 3, 2025 at 9:00AM.

IV.

Under the provisions of Title 18, United States Code Section 3142, Sections (b) and (e)(1), (hereinafter "the Bail Reform Act") a Defendant is entitled to bond unless the judicial officer determines that the Defendant's release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community. Where the judicial officer determines that no conditions or set of conditions of release can be crafted to reasonably assure Defendant's appearance and the safety of others, release on bond is prohibited.

V.

The Government intends to move this Court to detain the Defendant under the provision of section (f) of the Bail Reform Act. Section (f) of the Bail Reform Act states that "[t]he judicial officer shall hold a hearing to determine whether any condition or combination of conditions…will reasonably assure the appearance of such person as required and the safety of any other person and the community upon motion of the attorney for the Government, in a case that involves…the possession or use of a firearm or destructive device or any other dangerous weapon…[or] in a case that involves a serious risk that such person will flee…" Section (g) of the Bail Reform Act states that the judicial officer shall take into account the nature and circumstances of the crime, including whether a firearm is involved; the weight of the evidence; the history and characteristics of the Defendant; and the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release. Defendant presents a danger to others and a significant risk of non-appearance for the following reasons. Defendant procured a total of 46 firearms, 80 magazines, and two rifle scopes and then provided two materially false statements to United States Customs and Border Protection officers when he advised he had nothing to declare upon exiting the United States.

After United States Customs and Border Protection officers discovered the above-mentioned firearms, magazines, and rifle scopes within Defendant's property, Defendant admitted that he intended to sell the firearms to Mexican citizens for $100 each, despite his knowledge that doing so was illegal and his lack of any license permitting him to engage in the transfer of firearms lawfully. Additionally, Defendant has extensive ties to a foreign country, has limited legal status to be in the United States, and the proximity of this jurisdiction to the United States-Mexico border presents a heightened risk of non-appearance that no condition or set of conditions can reasonably mitigate.

Respectfully Submitted,

JAIME ESPARZA
United States Attorney

_____/S/_____
KATHERINE M. GORSKI
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to all attorneys of record.

_____/S/_____
KATHERINE M. GORSKI
Assistant United States Attorney