UNITED STATES DISTRICT COURT
Western District of Texas
DEL RIO DIVISION

FILED
JUL 27 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY
DEPUTY CLERK

UNITED STATES OF AMERICA

v.

(1) Victor Hugo Diego-Avellaneda
Defendant

Case Number: 2:25-CR-00353(1)-EG
USM Number: 56257-511

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

The defendant, (1) Victor Hugo Diego-Avellaneda, was represented by Priscilla Puente-Chacon.

On motion of the United States, the Court has dismissed Count(s) Two & Three.

The defendant pled guilty to Count(s) One of the Indictment on July 2, 2025. Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s)

| Title and Section | Nature of Offense | Offense Ended | Count(s) |
|---|---|---|---|
| 18 U.S.C. § 933(a)(2) & (b) | Trafficking Firearms | January 19, 2025 | One |

As pronounced on July 23, 2026, the defendant is sentenced as provided in pages 2 through 7 of the judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for the district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by the Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this 27th day of July 2026.

ERNEST GONZALEZ
United States District Judge

Arresting Agency: United States Border Patrol

Defendant: Victor Hugo Diego-Avellaneda
Case Number: 2:25-CR-00353 (1)-EG

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **ONE HUNDRED & TWENTY-ONE (121) MONTHS** as to count One with credit for time served, pursuant to 18 U.S.C. § 3584(a).

The Court makes the following recommendation to the Bureau of Prisons:

That the defendant be incarcerated in a federal facility as close to Mississippi as possible.

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this judgment as follows:

________________________________________________________________________
________________________________________________________________________
________________________________________________________________________
________________________________________________________________________

Defendant delivered on ________________________ to ________________________________
At ________________________________________________ with a certified copy of the Judgment.

______________________________
United States Marshal

By ___________________________
Deputy Marshal

Defendant: Victor Hugo Diego-Avellaneda
Case Number: 2:25-CR-00353 (1)-EG

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS**. The Court's term of supervised release will afford adequate deterrence to criminal conduct, protect the public and extend the Court's jurisdiction over the defendant.

While on supervised release, the defendant shall comply with the mandatory, standard, and if applicable, the special conditions that have been adopted by the court, and shall comply with the following additional condition(s):

_X_ Immediately upon release from custody, the defendant shall be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act. If ordered deported the defendant must remain outside of the United States. In the event the defendant is not deported or for any reason re-enters the United States after having been deported, the defendant must comply with all conditions of supervised release, reporting to the nearest United States Probation Office within 72 hours of release by immigration officials or entry into the United States.

_X_ The defendant shall abstain from the use of alcohol and/or all other intoxicants during the term of supervision.

_X_ The defendant shall submit to substance abuse testing to determine if the defendant has used a prohibited substance. The defendant shall not attempt to obstruct or tamper with the testing methods. The defendant shall pay the costs of testing based on the ability to pay.

_X_ The defendant shall reside in a Residential Reentry Center for a period of up to six months and shall observe the rules and regulations of that facility. Further, once employed, the defendant shall pay 25% of his weekly gross income for his subsistence as long as that amount does not exceed the daily contract rate.

_X_ The defendant shall provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

Defendant: Victor Hugo Diego-Avellaneda
Case Number: 2:25-CR-00353 (1)-EG

## MANDATORY CONDITIONS

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not unlawfully possess a controlled substance.

3) The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug test thereafter (as determined by the court) but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

4) The defendant shall cooperate in the collection of DNA as instructed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

5) If applicable, the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq (*formally 42 U.S.C. § 16901, *et seq)*) as instructed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

6) If convicted of a domestic violence crime as defined in 18 U.S.C. §3561(b), the defendant shall participate in an approved program for domestic violence.

7) If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of the judgment.

8) The defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.

9) The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments.

Defendant: Victor Hugo Diego-Avellaneda
Case Number: 2:25-CR-00353 (1)-EG

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time-frame.

2) After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

3) The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

4) The defendant shall answer truthfully the questions asked by the probation officer.

5) The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

6) The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that are observed in plain view.

7) The defendant shall work full-time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant excused from doing so. If the defendant does not have full time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

8) The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9) If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

10) The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12) If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

13) The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

14) If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.

15) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

16) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

17) If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervised release. The defendant shall not illegally re-enter the United States. If the defendant is released from confinement or not deported or lawfully re-enters the United States during the term of probation or supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office.

Defendant: Victor Hugo Diego-Avellaneda
Case Number: 2:25-CR-00353 (1)-EG

## CRIMINAL MONETARY PENALTIES/SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, Attn: Mail Log, 111 E. Broadway Ste. 100, Del Rio, Texas 78840, or online by Debit (credit cards not accepted) or ACH payment (direct from Checking or Savings Account) through pay.gov (link accessible on the landing page of the U.S.District Court's Website). **Your mail-in or online payment must include your case number in the exact format of DTXW225CR000353-001 to ensure proper application to your criminal monetary penalty.**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

| | Assessment | Fine | Restitution | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTAL: | $100.00 | $0.00 | $0.00 | $0.00 | $0.00 |

### Special Assessment

It is ordered that the defendant shall pay to the United States a special assessment of $100.00. The debt is incurred immediately.

If the defendant is unable to pay the Special Assessment prior to commencement of Supervised Release, any unpaid balance shall be paid in installments during the term of Supervised Release, at a rate to be determined by the probation officer based on the Defendant's ability to pay.

The unpaid balance will be subject to the Standard Conditions of Supervised Release stated in paragraphs 14, 15, and 16, and pursuant to Title 18 USC § 3572.

### Fine

The fine is waived because of the defendant's inability to pay.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA Assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.

**Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22

DEFENDANT: (1) VICTOR HUGO DIEGO-AVELLANEDA
CASE NUMBER: DR:25-CR-00353(1)-EG

## FORFEITURE

The Court ORDERS the defendant's rights, title, and interest in the following propery forfeited to the United States.

1) Ruger, Model 10/22, 22LR (S/N: 002221280);
2) Henry, Golden Boy, 22LR (S/N: GBOS56OY);
3) Ruger, Model 10/22, 22LR (S/N: 25662888);
4) Ruger, Model 10/22, 22LR (S/N: 002539193);
5) Ruger, Model 10/22, 22LR (S/N: 002528956);
6) Ruger, Model 10/22, 22LR (S/N: 12464702);
7) Ruger, Model 10/22, 22LR (S/N: 002611915);
8) Ruger, Model 10/22, 22LR (S/N: 24448675);
9) Ruger, Model 10/22, 22LR (S/N: 002606437);
10) Ruger, Model 10/22, 22LR (S/N: 11783798);
11) Ruger, Model 10/22, 22LR (S/N: 002606428);
12) Ruger, Model 10/22, 22LR (S/N: 002606435);
13) Ruger, Model 10/22, 22LR (S/N: 002619339);
14) Ruger, Model 10/22, 22LR (S/N: 002528990);
15) Ruger, Model 10/22, 22LR (S/N: 24631783);
16) Ruger, Model 10/22, 22LR (S/N: 11258604);
17) Ruger, Model 10/22, 22LR (S/N: 002606438);
18) Ruger, Model 10/22, 22LR (S/N: 001853707);
19) Ruger, Model 10/22, 22LR (S/N: 002613794);
20) Ruger, Model 10/22, 22LR (S/N: 002311385);
21) Ruger, Model 10/22, 22LR (S/N: 002137128);
22) Ruger, Model 10/22, 22LR (S/N: 0023 11396);
23) Ruger, Model 10/22, 22LR (S/N: 82960268);
24) Ruger, Model 10/22, 22LR(S/N: 002137122);
25) Ruger, Model 10/22, 22LR (S/N: 002135648);
26) Ruger, Model 10/22, 22LR (S/N: 002135652);
27) Ruger, Model 10/22, 22LR (S/N: 002318013);
28) Beretta, A400, 12 Gauge (S/N: WA078 153);
29) Henry, Silver Eagle, . 17 (S/N: SE003447V);
30) Remington, 1100, 12 Gauge (S/N: N894230V);
31) Henry, Golden Boy, 22LR (S/N: GB3d0226);
32) Ruger, Model 10/22, 22LR (S/N: 12 1-97721);
33) Ruger, Model 10/22, 22LR (S/N: 820-20262);
34) Ruger, Model 10/22, 22LR (S/N: 827-13 148);
35) Ruger, Model 10/22, 22LR (S/N: 259-7 1385);
36) Ruger, Model 10/22, 22LR (S/N: 0024-00372);
37) Remington, 870 Express Shotgun (S/N: W889546M);
38) Ruger, Model 10/22, 22LR (S/N: 0004-029 19);
39) Ruger, Model 10/22, 22LR (S/N: BRN-22R-104430);
40) Marlin, Model 60, 22LR (S/N: 13421272);
41) Ruger, Newport 10/22, 22LR (S/N: R75-85520);
42) Ruger, Model 10/22 Sporter, 22LR (S/N: R75-8240);
43) Ruger, Model 10/22, 22LR (S/N: 826-24988);
44) Remington, 870 Express Magnum, 12 Gauge (S/N: B801202M);
45) Remington, 870 Express Magnum, 12 Gauge (S/N: AB406722M);
46) Remington, 870 Express Magnum, 12 Gauge (S/N: T529767V);
47) Ruger, SR22 Pistol (S/N:36054432); and
48) Any and all other related ammunition and firearm accessories,

The Clerk is responsible for sending a copy of this page and the first page of this judgment to:
U.S. Department of Justice , Office of Justice Programs, Washington, DC 20531